**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MASSACHUSETTS COALITION FOR IMMIGRATION REFORM | ) ) ) | Case No. 1:20-cv-03438-TNM |
| Plaintiffs, | ) ) | (Judge Trevor N. McFadden) |
| v. | ) ) | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF HOMELAND SECURITY | ) ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| LINDA HUHN, ROB MEYER; BRUCE ANDERSON | ) ) ) | Case No. 1:21-cv-01198-TJK |
| Plaintiffs, | ) ) | (Judge Timothy J. Kelly) |
| v. | ) ) | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, U.S. DEPARTMENT OF HOMELAND SECURITY | ) ) ) ) ) | |
| Defendants. | ) ) | |

**FEDERAL DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and LCvR 40.5(d),

Defendants U.S. Citizenship and Immigration Services and U.S. Department of Homeland

Security (collectively, "Federal Defendants") move to consolidate *Massachusetts Coalition for*

*Immigration Reform v. U.S. Citizenship and Immigration Services*, Case No. 1:21-cv-03438-

1

TNM and *Huhn v. U.S. Citizenship and Immigration Services*, Case No. 1:21-cv-01198-TJK.

Counsel for Federal Defendants has conferred with counsel for Plaintiffs in both cases, and

Plaintiffs do not oppose consolidation.

## I.    Background

On November 24, 2020, the Center for Immigration Studies, "an independent, non-

partisan, non-profit research organization,"[1] filed two virtually identical lawsuits in this Court

and in the District of Minnesota.  *Massachusetts Coalition for Immigration Reform v. U.S.

Citizenship and Immigration Servs.*, Case No. 1:20-cv-03438-TNM, ECF No. 1 ("MCIR

Compl."); *Huhn v. U.S. Citizenship and Immigration Services*, Case No. 1:21-cv-01198-TJK,

ECF No. 1 ("Huhn Compl.").  While the two complaints have different named plaintiffs (*see*

MCIR Compl. ¶¶ 31-57; Huhn Compl. ¶¶ 31-43) the text of the two complaints is otherwise

virtually identical: they assert the same two claims, seek the same relief, and contain the same

non-plaintiff-specific allegations.  *Compare* MCIR Compl. ¶¶ 85-99, pp. 49-50, *with* Huhn

Compl. ¶¶ 72-86, p. 36.

The lawsuits broadly challenge United States immigration policy over the past several

decades under the Administrative Procedure Act ("APA") and the National Environmental

Policy Act ("NEPA").  Plaintiffs allege that the federal government's immigration policies have

led to population growth, which in turn has led to a myriad of sweeping environmental harms,

including urban sprawl, loss of wilderness, loss of biodiversity, and air and water pollution.

Count I of the complaints challenge an internal Department of Homeland Security Instruction

Manual based on the government's alleged failure to "incorporate NEPA compliance . . . for

---

[1]  *See* "About the Center for Immigration Studies," https://cis.org/Center-For-Immigration-Studies-Background.

those actions relating to the entry into and settlement of foreign nationals or to visa and citizenship policy." *See* Huhn Compl. ¶¶ 72-83; MCIR Compl. ¶¶ 85-96.  Count II alleges Defendants have violated and continue to violate the APA and NEPA by allegedly failing to conduct an environmental review under NEPA for at least eighty visa- and immigration-related actions dating back to the early 1980s.  Huhn Compl. ¶¶ 84-86; MCIR Compl. ¶¶ 97-99.

To avoid the wastefulness of identical cases being heard simultaneously in different district courts, Defendants moved to transfer the *Huhn* case from the District of Minnesota to the District of Columbia so that the cases could be consolidated and heard in this district.  The Court stayed this case while the motion to transfer venue was pending in the District of Minnesota.  On May 6, 2021, the District of Minnesota granted Defendants' motion to transfer venue and the *Huhn* case is now before Judge Kelly.

## II.    Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure allows a court to consolidate actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a); *see also* LCvR(a)(3).  "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002).  In exercising that discretion, district courts "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)). "Consolidation is appropriate where, as here, the [three] cases each involve review of the same underlying decision." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001).

III.    **Argument**

A.    **The Cases Involve Common Questions of Fact and Law**

The Court should consolidate the two cases because they involve common questions of law and fact.  Although the named plaintiffs are different, the *Huhn* and *MCIR* cases bring identical claims—i.e., Counts I and II are identical—based on the same legal theories under the same federal statutes, APA and NEPA.  MCIR Compl. ¶¶ 85-99; Huhn Compl. ¶¶ 72-86.  All plaintiffs also request the same relief and the prayer for relief is identical in both complaints. MCIR Compl. at pp. 49-50; Huhn Compl. at p. 36.  Further, because plaintiffs in both actions challenge the same agency actions, should the cases proceed beyond the motion to dismiss stage, the same administrative record will form the basis for judicial review in both matters.

B.    **Convenience and Economy Weigh in Favor of Consolidation**

Considerations of convenience and economy weigh in favor of consolidating *MCIR* and *Huhn*.  Consolidating the cases would conserve judicial resources, allow the parties to save time and expense, and enable the Court and parties to schedule matters more efficiently.  Moreover, consolidation will not cause any undue delay of the cases since they are at the same stage of litigation.  Indeed, if the Court grants the instant motion, Federal Defendants will file a motion to dismiss the consolidated cases by June 11, 2021.  *See* May 20, 2021 Minute Order.  No motions are currently pending in either case.

IV.    **Conclusion**

There are common issues of law and fact between the *MCIR* and *Huhn* cases. Accordingly, Federal Defendants respectfully submit that the Court should exercise its discretion and consolidate the two actions in the interest of efficiency and for the convenience of the Court and the parties.

Dated:  May 27, 2021

Jean E. Williams
Acting Assistant Attorney General
United States Department of Justice

*/s/ Erika Norman*
ERIKA NORMAN (CA 268425)
SEAN C. DUFFY (NY 4103131)
Environment & Natural Resources Division
Natural Resources Section
150 M Street, NE
Washington, DC 20002
Tel:  (202) 305-0475 (Norman)
Fax:  (202) 305-0506
E-mail:  Erika.norman@usdoj.gov

*Attorneys for Defendants*

5