UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASSACHUSETTS COALITION FOR IMMIGRATION REFORM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>Defendants. | No.: 1:20-cv-3438-TNM<br><br>**JOINT PROPOSED SCHEDULING ORDER** |

On October 27, 2023, this Court held a status conference, during which the parties discussed: (1) mediation, (2) Plaintiffs filing a potential supplemental or amended complaint, and (3) discovery and trial scheduling. Pursuant to the Court's direction at that conference and in the Court's October 27, 2023 Minute Order, the undersigned counsel for the parties have conferred and hereby submit the following Joint Proposed Scheduling Order and request that the Court enter the proposed schedule for resolution of this case.

1. **Mediation:**

During the October 27, 2023 status conference, the Court suggested that the parties consider mediation. The parties have since discussed mediation and agree that mediation will not be conducive to resolution of this case now. If, at a later stage of the proceedings the parties agree that mediation would be appropriate, they will notify the Court.

2. **Proposed Amended Complaint:**

Plaintiffs will move for leave to file an amended or supplemental complaint pursuant to Fed. R. Civ. P. 15 no later than December 15. Defendants will respond to the motion for leave to amend after having an opportunity to first review the motion and proposed amendments to the

complaint. The parties request that the Court allow Defendants to respond to Plaintiffs' motion for leave within 21 days of service of the motion.

    3.    **Scope of Discovery for Evidentiary Hearing on Standing:**

The parties dispute the scope of discovery contemplated by the Court's September 30 Summary Judgment Order. Their respective positions are set forth below.

    a.  **Plaintiffs' Statement of Issues to be Determined for Discovery**

After counsel conferred by telephone prior to the submission of this status report on November 15, Plaintiffs and Defendants were unable to agree on the appropriate scope of the trial and therefore on the scope of discovery. Based on the Court's Memorandum Order of September 30, 2023, Docket Entry # 52 ("Order") and the October 27, 2023 status conference, Plaintiffs disagree with the Defendants' contention, communicated to Plaintiffs' counsel on November 15, that the issues to be decided by evidentiary hearing include all three elements of standing (injury-in-fact, causation, and redressability) rather than only one element, causation.

Plaintiffs take the position that, rather, the Court has not ordered an evidentiary hearing on all three elements of Article III standing but rather only on the causation element. The Court stated explicitly that the "*only* question is whether a reasonable factfinder could conclude that Government's conduct caused those harms." Order at 28 (emphasis added). The Court's order was not ambiguous about whether the injury-in-fact element of standing had already been satisfied—on the matter of whether the Border Plaintiffs had shown environmental harm near them, the Court stated "they have done so." *Id*. at 29. This element of standing was therefore not the element subject to the credibility determinations alluded to by the Court. *Id*. at 42. Rather, the hearing will be narrow and limited to whether the "enticement theory" of standing can be proven here. *Id*. at 23. Examples of facts to be determined include such questions as whether the

existence of "planned gaps" in the border wall near where the Plaintiffs live defeats causation, or whether construction of a barrier elsewhere might still contribute to decreased migratory flows. *Id*. at 28-29. Examples regarding the termination of the Migrant Protection Protocols include questions such as whether "myriad economic, social, and political realities" were the cause of increased illegal immigration. *Id*. at 33.

      The Plaintiffs themselves are not needed and, furthermore, cannot offer any compelling evidence as to the only issues that remain for trial. The "testimony of witnesses" for "this factfinder" at trial should be witnesses who have the capacity to offer evidence as to the questions that remain regarding causation. In cases under the National Environmental Policy Act ("NEPA"), the injury-in-fact question is regularly decided by declarations rather than force an expense of trial which would be a useless formality. Plaintiffs therefore disagree with Defendants' contention that the plaintiffs themselves must submit to deposition as well as trial in person in Washington D.C. At this stage particularly, such a requirement would be a substantial burden and expense to Plaintiffs outweighed by its probative value and not regularly required in NEPA cases. The issues the Plaintiffs can testify to cannot produce any further evidence on the questions that are the only remaining subjects of the evidentiary hearing.

      Plaintiffs dispute Defendants' communicated contention that the Court's Order mandates Plaintiffs themselves as witnesses in the trial because their declarations are hearsay. In NEPA cases, personalized injuries for standing are regularly established by declaration or affidavit alone. See *City of Dania Beach v. FAA*, 485 F. 3d 1181, 1186 (D.C. Cir. 2019); *Sierra Club and La. Envtl. Action Network v. EPA*, 755 F3d 968, 974 (D.C. Cir. 2014). This case has only reached the "unusual result" of proceeding to trial on narrow jurisdictional issues because it concerns complicated policy issues that are beyond the personal knowledge of the plaintiffs

themselves. Order at 41. At this stage of the proceeding, not all aspects of Article III standing are at issue, but *only* causation.

This narrow evidentiary hearing must not serve as a second bite at the apple for Defendants, and only Defendants, to engage in standing discovery pertaining solely to issues on which the Court has already ruled. Nor should the Defendants be entitled to an opportunity to win the case not on merits but by unreasonably burdening the limited resources of Plaintiffs and their counsel at a late stage of litigation. Defendants had the opportunity prior to summary judgment to depose Plaintiffs and opted to forego that strategy, just as Plaintiffs limited their own discovery that pertained to standing issues. The status of Article III standing as a constitutional—and therefore legal—issue that cannot be waived at any stage does not extend so far as to mean that defendants retain the untrammeled right to relitigate purely factual issues such as credibility determinations at any stage, even after the facts have been determined by court order. By their reasoning any defendants who litigated the issue of standing but opted not to take depositions and then lost at the district court level would be entitled to reversal by an appellate court, so long as the factual issues they hoped to discredit at a late stage related to an element of standing. While both parties at this stage of litigation may believe that more aggressive discovery as to the issues that have already been determined by the Court would have better served to establish or rebut evidence, the Court has ordered further hearing only on narrow issues.

Plaintiffs and Defendants may also have a difference of opinion as to whether a strict separation of fact and expert testimony. Plaintiffs currently believe that their witnesses will be experts who can speak to factual issues currently in dispute, but these issues can be worked out as they come up.

### b. Defendants' Statement of Disputed Issues for an Evidentiary Hearing on Standing

Defendants understand the Court to have dismissed on standing grounds all claims brought by five of the Plaintiffs and all but two claims—the border wall claim in Count II and the MPP portion of Count III—brought by Plaintiffs Chance Smith and Gail Getzwiller. *See* Order, ECF No. 52, at 17-29. Defendants further understand the Court to have determined that the only disputed factual issues go to the Smith and Getzwiller Plaintiffs' standing and, therefore, the Court's jurisdiction. *See id.* at 28-29, 31-33. Accordingly, the Court ordered an evidentiary hearing on Article III standing, where the Court will admit evidence, hear the testimony of witnesses, and make credibility and factual determinations on matters relating to the three elements of standing (*i.e.*, the injury-in-fact of Plaintiffs Chance Smith and Gail Getzwiller, the traceablity of those specific injuries-in-fact to the two governmental actions before the Court, and the redressability of those specific injuries in-fact). *Id.* at 41-42.

To prepare for an evidentiary hearing on Article III standing, Defendants intend to depose the remaining two Plaintiffs in Arizona at a place and time that is mutually convenient to the parties. Although depositions are not appropriate to explore the merits of a claim under the Administrative Procedure Act, the forthcoming evidentiary hearing on standing will be narrowly focused on the disputed issues of fact pertaining to jurisdiction. One of the basic tools for parties to explore disputed issues of fact is deposition. Fed. R. Civ. P. 30. Here, depositions will, among other things, inform Defendants' presentation of evidence and streamline cross-examination at the hearing in this Court.

Plaintiffs object that appearing for a hearing in this Court would be overly burdensome. But Plaintiffs filed this lawsuit and chose this forum when so filing. Plaintiffs cannot support a claim of hardship over appearing at an evidentiary hearing they initiated in the forum they

selected.

Plaintiffs also suggest that Defendants have waived the ability to dispute each element of standing by not challenging the factual assertions in Plaintiffs' affidavits at summary judgment. Not so. "[S]tanding is jurisdictional and it can never be forfeited or waived." *Bauer v. Marmara*, 774 F.3d 1026, 1029 (D.C. Cir. 2014); *accord id.* ("Standing can be raised at any point in a case proceeding and, as a jurisdictional matter, may be raised, *sua sponte*, by the court.").

Similarly, Plaintiffs' argument that their affidavits preclude further exploration of their purported injury-in-fact rings hollow. Credibility determinations are not made on the papers at summary judgment or on a motion to dismiss. *See Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011) (at summary judgment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party and the court must draw all reasonable inferences in favor of the nonmoving party."). And Plaintiffs' burden on standing "increases at each stage of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). While at the summary judgment stage plaintiffs may try to satisfy their burden of proof through affidavits, "at the final stage, those facts (if controverted) must be 'supported adequately by the evidence adduced at trial.'" *Id*. The purpose of the evidentiary hearing is to determine whether Plaintiffs have established sufficient facts to support standing and, more specifically, any particularized harm they allege. Defendants have every right to depose and cross-examine Plaintiffs on those issues.

In sum, Plaintiffs brought this suit and, in so doing, voluntarily took up the burden to prove all three elements of Article III standing. The Court determined that the evidence submitted in the affidavits was insufficient to confer standing and therefore Plaintiffs must substantiate their claims. Order, ECF No. 52, at 31-34. To do so, Plaintiffs must substantiate their claims by presenting evidence and testimony at a hearing—attorney argument is not

evidence. Defendants dispute that Plaintiffs can satisfy any element of standing. That dispute has not been—and cannot be—waived.

4.   **Proposed Discovery Schedule:**

Pursuant to the Court's direction at the October status conference that the parties complete discovery within six months and be prepared for an evidentiary hearing in approximately June of 2024, the parties propose the following schedule for fact discovery:

a.   **December 13, 2023**: Parties will begin serving written fact discovery.

b.   **December 13, 2023**: Plaintiffs will identify to Defendants the fact witnesses they intend to call at the hearing and provide a brief description of the factual matters that each witness will testify to. Plaintiffs will endeavor to identify all the fact witnesses they intend to call at the hearing in their initial list, although they reserve the right to supplement their disclosure in sufficient time to conduct discovery of witnesses identified after December 13, if any.

b.   **January 10, 2024**: Defendants will identify to Plaintiffs the fact witnesses they intend to call at the hearing and provide a brief description of the factual matters that each witness will testify to. Defendants will endeavor to identify all the fact witnesses they intend to call at the hearing in their initial list, although they reserve the right to supplement their disclosure in sufficient time to conduct discovery of witnesses identified after January 10, if any.

c.   **April 12, 2024**: Last day to complete depositions of fact witnesses pursuant to Fed. R. Civ. P. 30.

d.   **May 17, 2024**: Close of fact discovery.

In addition, the parties propose the following schedule for expert discovery:

a.   **February 2, 2024**: Plaintiffs will identify the expert witnesses (if any) they intend to call at the hearing. Plaintiffs will limit their number of expert witnesses to two witnesses.

b.   **March 1, 2024**: Defendants will identify the expert witnesses (if any) they intend to call at the hearing. Defendants will limit their number of expert witnesses to two witnesses.

c.   **March 29, 2024**: Plaintiffs will produce their expert reports.

      d.    **April 26, 2024**: Defendants will produce their combined expert reports and rebuttals of Plaintiffs' expert reports.

      e.    **May 17, 2024**: Plaintiffs will produce their rebuttal reports, if any.

      f.    **May 31, 2024**: Last day to complete depositions of expert witnesses.

**5.**    **Pre-hearing Statements and Pre-hearing Conference:**

The parties request that the Court set a pre-hearing conference for the week of June 24 – 28, 2024. The parties will exchange pre-hearing statements, including copies of the parties' respective final witness lists and exhibit lists, at least fourteen days prior to that conference.

**6.**    **Evidentiary Hearing:**

The parties request that the Court set the evidentiary hearing date as soon after the pre-hearing conference as is convenient for the Court.

Submitted this 17th day of November 2023,

          TODD KIM
          Assistant Attorney General
          United States Department of Justice
          Environment & Natural Resources Division

          */s/ Tyler M. Alexander*
          SEAN C. DUFFY (NY 4103131)
          TYLER M. ALEXANDER (CA 313188)
          Trial Attorneys
          Natural Resources Section
          150 M Street NE
          Washington, DC 20002
          (202) 305-0445 (Duffy)
          (202) 305-0238 (Alexander)
          sean.c.duffy@usdoj.gov
          tyler.alexander@usdoj.gov

          *Attorneys for Defendants*

          */s/ Julie B. Axelrod (permission via email)*
          D.C. Bar No. 1001557
          Center for Immigration Studies
          1629 K Street, NW, Suite 600
          Washington, DC, 20006

Telephone: 202-466-8185
FAX: 202-466-8076
Email: jba@cis.org

Counsel for Plaintiffs