UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MASSACHUSETTS COALITION FOR IMMIGRATION REFORM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No.: 1:20-cv-3438-TNM<br><br>**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL/ AMENDED COMPLAINT**<br><br>**(ECF No. 58)** |

Plaintiffs' motion for leave to amend their complaint to challenge two additional agency policies should be denied. First, Plaintiffs could have brought this motion at least six months earlier but chose not to for strategic litigation reasons. This undue delay is fatal. Second, leave to supplement or amend the First Amended Complaint would be highly prejudicial because it will delay expeditious resolution of this case, which has been pending for over three years, gone through multiple rounds of dispositive briefing, and is now narrowed to one factual issue regarding a small sub-set of the original plaintiffs. Third, amendment at this juncture is futile because the new claims that Plaintiffs seek to pursue are not ripe for review. And finally, denial would not be prejudicial to Plaintiffs, as they remain free to challenge the additional actions— when and if their claims become ripe—through a new lawsuit.

I.   **BACKGROUND**

   A.   <u>The Initial Complaint</u>

Plaintiffs Massachusetts Coalition for Immigration Reform ("MCIR") and eight individuals from Minnesota, Massachusetts, and Pennsylvania initiated lawsuits, now consolidated, *see* ECF No. 12, on November 24, 2020 in this Court and in the District of

Minnesota. *See* Compl. for Decl. & Injunctive Relief ("Initial Compl."), ECF No. 1. In the Initial Complaint, Plaintiffs asserted claims under the Administrative Procedure Act ("APA") and the National Environmental Policy Act ("NEPA") challenging an internal Department of Homeland Security ("DHS") instruction manual and at least 80 visa- and immigration-related actions dating back to the early 1980s based on an alleged failure to conduct an environmental analysis of the challenged actions. Initial Compl. ¶¶ 85-99. Defendants moved to dismiss. Defs.' Mot. to Dismiss, ECF No. 14. Rather than respond to the motion to dismiss, Plaintiffs amended their complaint. Am. Compl. for Decl. & Inj. Relief ("FAC"), ECF No. 17.

### B.  The First Amended Complaint and Rulings on Dispositive Motions

Plaintiffs' First Amended Complaint challenged approximately a dozen actions taken by DHS, the Department of State, and the Department of Justice during the Biden Administration and added two plaintiffs who allegedly live or work in southeastern Arizona.[1] Defendants moved to dismiss the FAC for lack of standing and failure to state a claim. Defs.' Mot. to Dismiss FAC, ECF No. 19. The Court granted in part and denied in part Defendants' motion. Mem. & Order, ECF No. 27. Defendants then answered the FAC, Fed. Defs.' Answer to Am. Compl., ECF No. 32, and compiled administrative records on the nine remaining claims. Defs.' Notice of Filing a Certified List of the Contents of the Admin. Records, ECF No. 33. The parties briefed cross-motions for summary judgment on the remaining claims. *See* Pls.' Mot. for Summ. J., ECF No. 34; Defs.' Cross-Mot. for Summ. J. ("Defs.' Summ. J. Br."), ECF No. 37.

Following briefing and oral argument, on September 30, 2023, the Court issued a memorandum order granting in part and denying in part the parties' cross-motions. Mem. Or., ECF No. 52. In its order, the Court dismissed on standing grounds all claims brought by MCIR

---

[1] The FAC also dropped the four individual members of MCIR from Massachusetts.

and the plaintiffs who live in Minnesota and Pennsylvania. ECF No. 52 at 42. And it dismissed all claims brought by the Arizona plaintiffs—Steven Chance Smith and Gail Getzwiller—except for the border wall claim in Count II and the Migrant Protection Protocols ("MPP") portion of Count III. *Id.* The Court determined that the only remaining disputed factual issues go to the Arizona Plaintiffs' standing to pursue those two claims. *See id.* at 28-29, 31-33. The Court thus ordered an evidentiary hearing on Article III standing, where the Court will admit evidence, hear the testimony of witnesses, and make credibility and factual determinations on matters relating to the elements of standing (*i.e.*, injury-in-fact, the traceability of injuries-in-fact to the two governmental actions challenged, and redressability). *Id.* at 41-42.

Relevant to the present motion, in Count IV of the First Amended Complaint, Plaintiffs claimed that DHS failed to comply with NEPA in issuing a decision to allow Border Patrol agents to issue a Notice to Report ("NTR") for certain undocumented border crossers. As the Court found, the NTR policy had been replaced in November 2021 with a policy of using Parole Plus Alternatives to Detention. Parole Plus Alternatives to Detention allowed Border Patrol agents under certain circumstances, such as increased encounter numbers at the southwest border, to parole undocumented migrants on a case-by-case basis for urgent humanitarian reasons or significant public benefit with the condition that they "report to ICE within 15 days to be processed for [a Notice to Appear]." Nov. 2, 2021 memorandum: Parole Plus Alternatives to Detention, ECF No. 37-2 at 2-4. The Court thus dismissed Count IV as moot. ECF No. 52 at 19; *see Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016) ("[W]hen an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot.").

C.  **The Proposed Second Amended Complaint**

On December 29, 2023, Plaintiffs moved for leave to file a supplemental or second amended complaint ("SAC"), Pls.' Mot. for Leave to File Supp./Am. Compl. ("Mot. for Leave"), ECF No. 58. The SAC seeks to amend the FAC by adding claims against the Parole Plus Alternatives to Detention policy and the Parole with Conditions policy, which was authorized by a May 10, 2023 memorandum. *See* Memorandum: "Policy on Parole with Conditions in Limited Circumstances Prior to the Issuance of a Charging Document (Parole with Conditions)," ECF No. 58-4 at 9-15.[2]

Both Parole Plus Alternatives to Detention and Parole with Conditions have been vacated or enjoined by the District Court for the Northern District of Florida. *See Florida v. United States*, 660 F. Supp. 3d 1239, 1285 (N.D. Fla. 2023) (vacatur of Parole Plus Alternatives to Detention), appeal filed May 17, 2023; *Florida v. Mayorkas*, No. 3:23-cv-9962-TKW-ZCB, 2023 WL 3398099, at *7 (N.D. Fla. May 11, 2023) (enjoining Parole with Conditions). Both of those rulings have been appealed to the United States Court of Appeals for the Eleventh Circuit.

II.  **ARGUMENT**

While Rule 15 provides that amendments should be freely allowed, Fed. R. Civ. P. 15(a), courts consider undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, and futility of the amendment in determining whether to grant a motion to amend. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *see also Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (noting "[d]elay and prejudice are precisely the matters to be

---

[2] Defendants note that while the Court has dismissed all but two plaintiffs, the proposed second amended complaint still proports to be brought by MCIR and the other previously dismissed plaintiffs, effectively purporting to add those plaintiffs back into the litigation. *See* SAC, ECF 58-1 ¶¶ 25-34. Similarly, the proposed SAC fails to remove those claims resolved by the Court.

addressed in considering whether to grant motions for supplemental pleadings"). Here, the preponderance of factors demonstrate that leave should be denied, and Plaintiffs should be required to bring a new case if they seek to challenge additional agency policies at this late stage of this litigation.

### A.  Plaintiffs' Proposed Amendment Is Too Late

First, Plaintiffs have unduly delayed seeking to amend their complaint. DHS replaced the NTR policy with the Parole Plus Alternatives to Detention policy in November 2021, more than two years ago. And, even crediting Plaintiffs' allegation that they were unaware of the policy when it was promulgated, they were certainly aware of it by April 2023, when Defendants filed their opening brief on summary judgment. There, Defendants explained that "Plaintiffs' challenge to the March 2021 NTR policy is moot because DHS replaced the NTR policy in November 2021 with a new policy"—Parole Plus Alternatives to Detention. Defs.' Summ. J. Br. 36; *see also* ECF 37-2 at 1 (November 2, 2021 Parole Plus Alternatives to Detention memorandum, providing it "will replace the use of NTR").

Rather than seeking to amend their complaint to challenge Parole Plus Alternatives to Detention when it was enacted in 2021, or after Defendants pointed out that the NTR challenge was moot in April 2023, Plaintiffs opted to argue that their challenge to the NTR policy was not moot because it was indistinguishable from the Parole Plus Alternatives to Detention policy. Pls.' Resp. in Opp'n to Defs.' Cross-Mot. for Summ. J. 5, ECF No. 41. Plaintiffs' strategic litigation choice to challenge the NTR policy meant that Defendants were obligated to prepare the administrative record for the NTR policy and present a mootness argument, and that the Court was obligated to expend judicial time and resources resolving it. Now, dissatisfied with that result, Plaintiffs inappropriately seek to serially challenge agency policies in a single

lawsuit. This sort of delay to engage in strategic decision-making falls well outside the circumstances in which leave to amend should be given. *See Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) (motion to amend that "arrived four years after litigation began, one year after summary judgment motions were decided, eight months after filing an amended answer and only days before trial . . . is the very picture of undue delay.").

Plaintiffs seek to excuse their belated attempt to challenge a wholly different agency action by characterizing the NTR, the Parole Plus Alternatives to Detention, and the Parole with Conditions policies as part of a single "mass release" policy. Mot. for Leave. No such policy exists.[3] NTRs, Parole Plus Alternatives to Detention, and Parole with Conditions are distinct agency actions. Parole Plus Alternatives to Detention explicitly replaced the exercise of prosecutorial discretion under NTRs with a different approach. *Compare* ECF No. 48-2, at DHS_MCIR_008659-8664 (NTRs) *with* ECF No. 37-2 (Nov. 2, 2021) (Parole Plus Alternatives to Detention). But even were the policies substantively the same, each new agency action must be reviewed on its own administrative record. *See Biden v. Texas*, 597 U.S. 785, 807-808 (2022) (holding October 29, 2021 memorandum terminating MPP was separate final agency action from June 1, 2021 memorandum terminating MPP and remanding for consideration on whether the October 29 memorandum complied with the APA); *see also Akiachak*, 827 F.3d at 113 ("[W]hen an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot.").

---

[3] Indeed, if such a single policy did exist, that would have been all the more reason for Plaintiffs to challenge Parole Plus Alternatives to Detention and Parole with Conditions earlier.

## B.     Plaintiffs' Proposed Amendment Will Unduly Delay This Litigation

Plaintiffs' late request to subject two new policies to judicial review will also be highly prejudicial to the resolution of this case, in effect sending it back to square one. If Plaintiffs' motion is granted, Defendants will need to respond to the amended complaint by filing a dispositive motion, if warranted, or an answer. Defendants will then need to compile and/or submit administrative records for the Parole Plus Alternatives to Detention and Parole with Conditions policies so that the Court can conduct judicial review under the APA. And the parties will need to brief summary judgement motions on the new policies. *See Cayuga Nation v. Bernhardt*, 374 F. Supp. 3d 1, 9 (D.D.C. 2019) (In an APA case, "summary judgment is the mechanism for deciding whether as a matter of law the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review.") (cleaned up).

This additional APA review will necessarily require the parties to divert resources from their ongoing discovery and efforts to prepare for the evidentiary hearing on standing set for June 2024. Nov. 30, 2023 Order, ECF No. 57. Because Plaintiffs must establish standing for each claim that they assert, *Jibril v. Mayorkas*, 20 F.4th 804, 814 (D.C. Cir. 2021), Plaintiffs' standing to bring their new proposed Claim IV cannot simply be folded into the scheduled evidentiary hearing on standing on the two active claims. Indeed, the two active claims—halting border barrier construction and ending the Migrant Protection Protocols—seem particularly disconnected from the new claims Plaintiffs seek to add, as nothing in the proposed second amended complaint suggests that Parole Plus Alternatives to Detention and Parole with Conditions cause environmental impacts in southeastern Arizona where the two remaining Plaintiffs allege they live and work. And nothing in the standing declarations of the two

remaining Plaintiffs alleges any harm specifically from Parole Plus Alternatives to Detention or Parole with Conditions. Allowing Plaintiffs to amend their complaint would thus force this litigation onto one of two tracks, both prejudicial to expeditious resolution of this case. Either the current discovery process will need to be placed on hold while APA briefing on the Parole Plus Alternatives to Detention and Parole with Conditions policies proceeds, or the evidentiary hearing process as to Claims II and III will need to proceed simultaneously with APA judicial review of the new Claim IV. Neither approach is consistent with the orderly disposition of the case Plaintiffs filed more than three years ago.

### C.      Plaintiffs' Proposed Amendment Is Futile

An amendment at this juncture is futile. As Plaintiffs acknowledge, the Parole Plus Alternatives to Detention and Parole with Conditions polices have been judicially vacated or enjoined. *See* Mot. for Leave 4. For this reason, Plaintiffs' proposed challenges to these policies are not ripe for adjudication. Plaintiffs suggest that DHS could implement Parole Plus Alternatives to Detention or Parole with Conditions if the policies are reinstated by the Eleventh Circuit or the Supreme Court, Mot. for Leave 4-5, but the speculative possibility that the policies might be reinstated does not render Plaintiffs' claims ripe at this time. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up).

### D.      Plaintiffs Are Not Prejudiced by Denial of Their Motion

Finally, in sharp contrast to the disruption that Plaintiffs' proffered amendment would cause if granted, Plaintiffs will suffer no prejudice if the Court denies their motion for leave. If Parole Plus Alternatives to Detention and Parole with Conditions are subsequently

reimplemented Plaintiffs remain free to challenge those policies in a separate lawsuit at that time. In the meantime, the parties can focus their efforts on the remaining issues in this lawsuit.

### III. CONCLUSION

Plaintiffs offer no good reason for why they delayed in pursuing their claims. To allow Plaintiffs to amend their complaint at this late stage of these proceedings would prejudice Defendants and derail this case from coming to an orderly conclusion. Plaintiffs' claims are unripe and the simple solution for Plaintiffs is to bring a new lawsuit if and when their new claims become ripe. For all of the foregoing reasons, Defendants respectfully request that the Court deny the motion for leave.

Dated: January 26, 2024

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*Sean C. Duffy*
SEAN C. DUFFY (NY 4103131)
TYLER M. ALEXANDER (CA 313188)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 305-0445 (Duffy)
(202) 305-0238 (Alexander)
sean.c.duffy@usdoj.gov
tyler.alexander@usdoj.gov

*Attorneys for Defendants*